# LOUBAT GLASSWARE & CORK CO., Inc., v. COSTAS.

## No. 1403.

Court of Appeal of Louisiana. First Circuit.

Dec. 4, 1934.

W. A. Benton, of Baton Rouge, for appellant.

Johnson & Kantrow, of Baton Rouge, for appellee.

MOUTON, Judge.

Plaintiff alleges, in its original petition, that it sold to defendant, on October 22, 1930, goods, wares, and merchandise described in an itemized account for the sum of $525. It is further alleged that these goods, under specific agreement, had to be manufactured for the account of defendant, who was notified six months thereafter that they were ready for delivery. The price for the goods is alleged to be $525.

In an amended petition, it is alleged by plaintiff, as originally averred, that the goods had to be specially manufactured, but with this qualification: That delivery could not be made until about six weeks thereafter, instead of six months, as was first stated. The averments of the original petition were accordingly corrected in this respect.

The defendant admits he purchased the goods or fixtures which were to be installed in his Walthall Hotel Café at Jackson, Miss. He testifies that the price for these fixtures was about $400, and the balance of the $525

claimed by plaintiff was for the expenses it had to disburse for their installation, and there is no contrary evidence in this record.

The sale was made to defendant by Mr. Shurmier, salesman for plaintiff company. Defendant testifies that under verbal agreement with Mr. Shurmier they were to be delivered in two weeks from the date of the contract, while it was stated by Mr. Shurmier that this delivery was to be in six weeks, and he testifies it was understood between him and defendant, at the time of the sale, that the fabrication of the goods and their shipment could not be made in a shorter period of time.

Defendant says he requested the delivery of the goods in two weeks because he wanted to have them installed for a state fair which they were to have some time in October. It is pointed out by counsel for plaintiff that, as the sale was made on the 22d of October, if the delivery had been fixed two weeks thereafter, necessarily the time for the delivery would have been at about the 6th of November.

In testifying on that subject, defendant says the fair "opened sometime in October, I think." There is nothing positive in this statement, and it is proper to observe was made in February, 1934, over three years after the date of the sale, when this case was heard below.

On the other hand, Mr. Shurmier, the salesman, testifies that these fixtures could not be manufactured or fabricated and shipped to defendant in less time than six weeks from the sale, and in this he is positive.

Mr. Surdich, who had been a salesman for plaintiff company, explains that some of the fixtures in question were kept in stock by the company and that a few of the articles had to be manufactured. He says the articles which were to be furnished by plaintiff company to defendant could have all been delivered in ten or twelve days from the date of the contract; and so is the testimony of Mr. Davis and Mr. Appel, both in the restaurant equipment business, and without any interest whatsoever in the outcome of this case.

The testimony of the three foregoing named witnesses is therefore in direct contradiction of the allegations of plaintiff's petition, and of the testimony of Mr. Shurmier given in support thereof, that six weeks were required for delivery.

Counsel for plaintiff, in questioning the credibility of defendant, as a witness, refers to the allegations in the answer filed by him that he had never signed an order for the fixtures and to his testimony where he says he had signed an order. He points out to the contradiction between this averment and the evidence of defendant about signing an order as proof of his lack of veracity.

On this subject defendant testifies that his counsel may have misunderstood him in preparing his answer, and in that way accounts for the discrepancy between the allegation in the answer and his testimony as a witness.

On the other hand, we have, on the part of plaintiff company, the allegation in the original petition that these fixtures could not be fabricated and delivered in less than six months from the date of sale, whereas in the amended petition it is averred that the time required was six weeks from the date of the contract; this averment being made to correct the error of the first petition.

In the original petition, the price for these fixtures is alleged to be for $525, and no change is made in that particular in the amended petition.

In his testimony Mr. Shurmier admits that the price demanded for the articles included the expense of "setting them up" in the Walthall Hotel of defendant in Jackson, Miss., and defendant testifies that the expenses which would have been required for this installation would have amounted to about $125, and this statement is not contradicted.

These goods or fixtures were never delivered, as appears from the allegations in plaintiff's petition of tender thereof and the repeated refusals of defendant to accept.

Claiming $525 for the price of the fixtures, without including the expense for their installation in the hotel, may be ascribed to an error made in the preparation of plaintiff's demand, as appears in the original and amended petitions.

The errors on the part of plaintiff in preparing its pleadings were, we presume, the result of some misunderstanding between plaintiff and its attorney, and likewise the denial by defendant in his answer that he had signed an order may be fairly presumed to have resulted in a misunderstanding by his counsel.

Counsel for plaintiff assails the testimony of the defendant because he made inconsistent statements as to first coming to Baton Rouge by himself, next time with Mr. Shurmier, and thereafter testifying that he had come to Baton Rouge by himself several times before coming with Mr. Shurmier.

As pointed out by counsel, defendant made these contradictory statements, but Mr. Shurmier was also flatly contradicted by the testimony of three witnesses in reference to the time which was really required to manufacture and ship the fixtures, which constituted one of the material facts in the case.

This suit was filed in January, 1933, more than two years after the sale made in October, 1930.

The delay for the demand on defendant Mr. Shurmier explains by saying that time was granted to him on various occasions at his request, and that finally it was understood that the price for these fixtures would be absorbed in a sale of restaurant goods which he contemplated to make to defendant for a business he intended to open in the city of Baton Rouge.

All of that is denied by defendant.

The testimony of defendant is that he had written a letter to the plaintiff company canceling the order he had given for these fixtures, as they had not been delivered in time, and that this cancellation had been accepted by plaintiff.

Mr. Shurmier testifies that he "had no knowledge of any letter from Mr. Costas cancelling the order at any time." This is the only testimony offered by plaintiff company on this issue, and is no contradiction of the assertion by defendant that he had written such a letter.

The defendant Costas testifies that some time after the purchase of these fixtures, as he contemplated a trip to Europe, and with a desire in mind of settling with his creditors before leaving, he wrote, among his other creditors, to plaintiff company for a statement in full of what he owed to the company with which the record shows he had been dealing for several years.

In compliance with this request, defendant testifies that plaintiff company sent him an account which appears in the record. This account from plaintiff company shows a balance against defendant of $229.45, bears the date of January 31, 1931, and includes balances through October and December, evidently of the year 1930.

It is hard to believe that, if plaintiff company had not accepted or acquiesced in the cancellation about which defendant testifies, the bill of $525, herein sued for, would not have appeared in that account.

The defendant, the record shows, paid this bill of $229.45 sent to him by plaintiff in January, 1931. As it is not disputed that this amount was received, it occurs to us, if it had not been a settlement in full, as stated by defendant, that plaintiff company would have forwarded a bill to defendant for the $525, herein claimed.

If, as testified, by Mr. Shurmier, the delay for the filing of this claim was due to grants of time given by him to defendant, this could not account for the failure of plaintiff company to include these $525 in the bill to defendant sent him in January, 1931. The only reasonable explanation of this failure is that the contract for the sale of the fixtures had been canceled by defendant, and that this cancellation was accepted or acquiesced in by plaintiff company.

This conclusion is supported by the fact that the order for these fixtures was not produced by the plaintiff company by which it is claimed that it was lost or mislaid; thus showing that little attention, if any, was taken of the bill upon which this suit is brought.

From the fact also that plaintiff company sued for $525 as being the price of sale for the fixtures without including therein the expense of installation, as hereinabove stated, it makes it probable that the real conditions of the sale had been forgotten, due, possibly, to the fact that the cancellation of the contract testified to by defendant had been acquiesced in by plaintiff company.

It is also worthy of notice that this suit was instituted only after plaintiff company had failed to sell to defendant the equipments which he bought for a considerable sum of money from another company for the business he later opened in Baton Rouge in 1932, or about that time.

Defendant having admitted that he had contracted an obligation in the sum of $525 for the price of the fixtures, including the expense for their installation by plaintiff company, the burden of proving the extinction of this obligation rested upon him, under the provisions of article 2232, Civil Code.

Evidently the district judge, in rejecting the demand, concluded that defendant had met this requirement of the law, and this is the only legal issue presented in the case.

We find, after a careful analysis of the evidence as hereinabove given, that defendant has discharged that burden, and that there is certainly no manifest error in the finding below on the facts of the case which sustain that conclusion.

Judgment affirmed.